IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Dongguan Meishida E-commerce Co., Ltd. d/b/a JEEVONY,<br><br>                Plaintiff,<br>v.<br><br>Kevin Patrick Kelley,<br><br>                Defendant. | Case No. |

## COMPLAINT

The Plaintiff, Dongguan Meishida E-commerce Co., Ltd. d/b/a/ JEEVONY ("Plaintiff") hereby brings the present action against Kevin Patrick Kelley ("Defendant") by its attorneys, Aronberg Goldgehn, and for its Complaint states as follows:

### I.     JURISDICTION AND VENUE

1. Plaintiff brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement and invalidity with respect to U.S. Patent No. 11,634,855 (the " '855 Patent") (Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 to this Complaint is a true and correct copy of the '855 Patent.

3. Exhibit 2 to this Complaint is a true and correct copy of the file history of the '855 Patent.

4. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.,* 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5. Defendant is an individual.

6. On information and belief, Defendant is a resident of Asheville, North Carolina.

7. On information and belief, Defendant is a citizen of the United States.

8. Defendant threatened to interfere with Plaintiff's customers across the United States by initiating a complaint with Amazon, which could result in the shutdown of Plaintiff's e-commerce stores catering to United States residents and preventing Plaintiff from selling products to their U.S. customers.

9. Defendant is subject to the personal jurisdiction of this Court pursuant to at least 18 U.S.C. § 2334(a).

10. Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(1), because Defendant resides in this district.

11. Alternatively, venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this forum.

12. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) as the Defendant is subject to this court's personal jurisdiction.

## II. THE PARTIES

13. The Plaintiff, Dongguan Meishida E-commerce Co., Ltd. d/b/a/ JEEVONY is a Chinese e-commerce company that sell products in the U.S., particularly through Amazon.com.

14. Plaintiff maintains a principal business address of No. 1 R&D Building, Building 1, No. 6887, Liquan Street (East), Xiazhuang Town, Gaomi, City, Weifang Shandong China 261500.

15. Defendant, Kevin Patrick Kelley, is an individual based in Asheville, North Carolina.

16. On information and belief, Defendant resides at 132 Little Knob Rd., Asheville, NC, 28803.

17. Defendant is the named inventor of the '855 Patent.

18. Defendant is the owner of the '855 Patent.

### III. FACTS PERTAINING TO ALL CLAIMS

19. The subject matter of the '855 Patent is a dryer vent attachment.

20. Plaintiff has sold a dryer vent attachment on Amazon, with the ASIN B0DRRYM7GL ("Plaintiff's Product(s)").

21. The following is an excerpted screenshot of Plaintiff's Product:



22. Plaintiff's Product was popular on Amazon, and Plaintiff advertised and sold Plaintiff's Products throughout the United States.

23. Amazon is the primary sales channel for Plaintiff's Product.

24. To be competitive in the market for dryer vent parts, it is critical that Plaintiff has access to the US market through Amazon.com.

25. However, on March 27, 2025, Plaintiff received notice of Amazon Patent Evaluation ("APEX") Proceeding #17486241821, filed by Defendant, alleging that Plaintiff's Products infringed the '855 Patent.

26. On information and belief, Amazon's APEX program is an internal patent evaluation program where Amazon sellers can report others' products alleging infringement, and seek a determination from Amazon directly and outside any court of law.

27. Defendant's Amazon complaint was submitted under the name of Defendant utilizing the email jjs@schwartz-iplaw.com.

28. On information and belief, the APEX complaint was filed by Defendant's counsel, Schwartz Law Firm P.C., based in Charlotte, North Carolina.

29. Due to Defendant's intentional interference with Plaintiff, an actual case or controversy exists as between Plaintiff and Defendant.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## U.S. Patent No. 11,634,855

30. Plaintiff incorporates herein all of the foregoing paragraphs as though fully set forth.

31. The '855 Patent is directed to a "Magnetically positioned and engaged dryer vent attachment and method."

32. It includes a flexible exhaust duct, a first mounting substrate, and a second mounting substrate.

33. The '855 Patent includes 18 claims.

34. Claims 1 and 10 are independent claims.

35. To infringe a patent, an accused product must meet each and every limitation of a claim either literally or under the doctrine of equivalents.

36. If the accused product does not meet each and every limitation of a claim either literally or under the doctrine of equivalents it cannot infringe the claim.

37. If a product does not infringe an independent claim, that product cannot infringe a claim that is dependent on the independent claim that is not infringed.

38. Claim 1 of the '855 Patent states:

> 1. A magnetically positioned dryer vent coupling adapted for use in combination with a clothes dryer, comprising:
>
> a flexible exhaust duct having a first end adapted for communicating with an exhaust port of the clothes dryer and a second end adapted for communicating with a wall port adjacent the clothes dryer;
>
> a first mounting substrate located at one end of said flexible exhaust duct and comprising a first magnet, said first mounting substrate defining a center opening having an annular inner peripheral edge forming an annular inner perimeter of said first mounting substrate and an annular outer peripheral edge forming an annular outer perimeter of said first mounting substrate, and wherein said first magnet resides between said inner and outer peripheral edges and produces a magnetic field having one of a north or south outward-facing polarity pointed away from said exhaust duct;
>
> a second mounting substrate adapted for locating proximate one of the dryer exhaust port and wall port and comprising a second magnet, said second mounting substrate defining a center opening having an annular inner peripheral edge forming an annular inner perimeter of said second mounting substrate and an annular outer peripheral edge forming an annular outer perimeter of said second mounting substrate, and wherein said second magnet resides between said inner and outer peripheral edges and produces a magnetic field having an outward-facing polarity opposite the outward-facing polarity of said first magnet; and
>
> said first and second mounting substrates comprising respective complementary surfaces configured to nest together between said inner and outer perimeters, said complementary surfaces configured to nest together at any orientation upon magnetic attraction of said first and second magnets with said annular inner peripheral edges of said first and second mounting substrates substantially aligned, such that said annular inner perimeters of said first and second mounting substrates cooperate to form an unobstructed sealed annular opening through which dryer exhaust passes;
>
> whereby when moved into close proximity, said first and second magnets magnetically attract to one another to self-align and self-assemble said first and second mounting substrates of said dryer vent coupling, such that said first and second magnets create an audible snapping sound when engaged thereby indicating a close magnetic seal at said dryer vent coupling.

39. Claim 10 of the '855 Patent states:

> 10. A clothes dryer, comprising:
>
> a magnetically positioned dryer vent coupling, comprising:
>
> (i) a flexible exhaust duct having a first end adapted for communicating with an exhaust port of the clothes dryer and a second end adapted for communicating with a wall port adjacent the clothes dryer;
>
> (ii) a first mounting substrate located at one end of said flexible exhaust duct and comprising a first magnet, said first mounting substrate defining a center opening having an annular inner peripheral edge forming an annular inner perimeter of said first mounting substrate and an annular outer peripheral edge forming an annular outer perimeter of said first mounting substrate, and wherein said first magnet resides between said inner and outer peripheral edges and produces a magnetic field having one of a north or south outward-facing polarity pointed away from said exhaust duct;
>
> (iii) a second mounting substrate adapted for locating proximate one of the dryer exhaust port and wall port and comprising a second magnet, said second mounting substrate defining a center opening having an annular inner peripheral edge forming an annular inner perimeter of said second mounting substrate and an annular outer peripheral edge forming an annular outer perimeter of said second mounting substrate, and wherein said second magnet resides between said inner and outer peripheral edges and produces a magnetic field having an outward-facing polarity opposite the outward-facing polarity of said first magnet; and
>
> (iv) said first and second mounting substrates comprising respective complementary surfaces configured to nest together between said inner and outer perimeters, said complementary surfaces configured to nest together at any orientation upon magnetic attraction of said first and second magnets with said annular inner peripheral edges of said first and second mounting substrates substantially aligned, such that said annular inner perimeters of said first and second mounting substrates cooperate to form an unobstructed sealed annular opening through which dryer exhaust passes;
>
> whereby when moved into close proximity, said first and second magnets magnetically attract to one another to self-align and self-assemble said first and second mounting substrates of said dryer vent coupling, such that said first and second magnets create an audible snapping sound when engaged thereby indicating a close magnetic seal at said dryer vent coupling.

40. Among the multitude of limitations set forth in each of the claims, both require "complementary surfaces configured to nest together between said inner and outer perimeters."

41. The Patent explains that "complementary surfaces" that "nest together" requires a structure where one component fits inside of another, as shown, for example in Figure 6 where surface 18" "nests" with surface 36":



FIG. 6

42. Indeed, there are only two references to anything "nesting" in the written description of the '855 Patent.

43. The first reference is found at Column 3, lines 27-28 where the specification states "FIG. 6 is an alternate coupling geometry where the two halves of the coupling are nesting cones."

44. The second reference is found at Column 6, lines 50-52 where the specification states "In the embodiment of FIG. **6**, an alternate coupling geometry is disclosed where the two halves **18″** and **36″** of the coupling are nesting cones."

45. The "alternative coupling geometry" of the "nesting cones" is in stark contrast to the flat surfaces of shown in Figure 2:

7



46. The flat surfaces 36" and 18" of the Figure 2 embodiment do not nest.

47. Plaintiff's Product clearly and obviously includes two flat surfaces (A, B) that do not nest together:



48. Plaintiff's attorney, Jeffrey J. Schwartz prosecuted the application that became the '855 Patent.

49. Indeed, Jeffrey J. Schwartz signed communications, such as Office Action responses in the application that became the '855 Patent as shown below (see Ex. 2):

```
                                                    Application Serial No. 17/725,073
                                                                             Page 9

                                              Respectfully submitted,

                                              /jeffreyjschwartz/

                                              Jeffrey J. Schwartz
                                              Attorney for Applicant
                                              Registration No. 37,532

Jeffrey J. Schwartz
Schwartz Law Firm, P.C.
SouthPark Towers
6100 Fairview Road, Suite 1135
Charlotte, North Carolina 28210
Tel: 704-552-1889
Fax: 704-552-1866
Email: jjs@schwartz-iplaw.com
```

50. Jeffrey J. Schwartz uses the email jjs@schwartz-iplaw.com.

51. On information and belief, Jeffrey J. Schwartz is responsible for filing the complaint with Amazon respecting Plaintiff's Product.

52. Having prosecuted the claims of the '855 Patent, it should have been clear and obvious to Jeffrey J. Schwartz that Plaintiff's product could not possibly meet the "complementary surfaces" that "nest together" limitations of the claims of the '855 Patent.

53. Plaintiff's assertion of infringement of the '855 Patent by Plaintiff's Product lacks any legitimate basis in law or fact.

54. The clear and obvious lack of infringement by Plaintiff's Product supports the determination that Defendant had no reasonable basis to assert infringement of the '855 Patent in its complaints to Amazon.

55. The clear and obvious lack of infringement by Plaintiff's Product supports the determination that Defendant's assertion of infringement of the '855 Patent in its complaints to Amazon were done with malice and an intent to harm Plaintiff's business.

56. The clear and obvious lack of infringement by Plaintiff's Product supports the determination that Defendant's assertion of infringement of the '855 Patent in its complaints to Amazon were an overt attempt to impermissibly broadening of the scope of the '855 Patent that had an anticompetitive effect.

57. Plaintiff's Product does not include each and every limitation of any claim of the '855 Patent literally or under the doctrine of equivalents.

58. Plaintiff's Product does not infringe the '855 Patent.

59. An assertion that Plaintiff's Product infringes any claim of the '855 Patent is frivolous and egregious.

60. At a minimum, Defendant's complaints to Amazon that Plaintiff's Product infringes the '855 Patent are baseless and make this an exceptional case.

61. Plaintiff is entitled to a declaratory judgment that Plaintiff's Product does not infringe the '855 Patent.

62. Plaintiff is entitled to permanent injunctive relief, at a minimum precluding Defendant from asserting to any other party (including but not limited to Amazon) that Plaintiff's Product infringes the '855 Patent and/or from otherwise utilizing the '855 Patent to induce any

10
Case 2:25-cv-00106-DCLC-CRW   Document 1   Filed 05/22/25   Page 10 of 14
PageID #: 10

party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell Plaintiff's Product.

63. Plaintiff is entitled, at a minimum, to attorneys' fees and costs incurred as a result of the conduct of Defendant set forth herein.

64. Plaintiff is entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## U.S. Patent No. 11,634,855

65. Plaintiff incorporates herein all of the foregoing paragraphs as though fully set forth.

66. The '855 Patent claims priority to US Application 12/804,691.

67. A copy of the file history of the '691 application is attached as Exhibit 3 to this Complaint.

68. The Patent Office rejected the independent claim of the '691 application which called for, among other limitations, two "mounting substrates" where each mounting substrate comprised a "smooth magnetic surface" such that the "smooth magnetic surface area of one mounting substrate is freely slidable across the smooth magnet surface are of the other mounting substrate."

69. The Patent Examiner found the claim obvious in view of Pichotta (US 2005/0052018) and Irey (US 6584702).

70. Jeffrey J. Schwartz appealed the Examiner's decision.

71. The United States Patent Trial and Appeal Board affirmed the rejection.

72. Defendant abandoned the '691 application.

73. The '855 Patent claims priority to US Patent Application 15/825,998.

74. A copy of the file history of the '998 application is attached as Exhibit 4 to this Complaint.

75. During the prosecution of the '998 application, the Examiner rejected the claim as being unpatentable over Pichotta (US 2005/0052018) in view of Aubert (2010/0066082).

76. In response, Jeffrey J. Schwartz emphasizes that the claimed invention differentiates from the other cited references because the other cited references contain a "flat surface" or flat face plates.

77. The '998 application issued as US 10633783.

78. US patent application 16858023 claimed priority to the '998 application.

79. A copy of US patent application 16858023 is attached as Exhibit 5 to this Complaint.

80. During the prosecution of the '023 application, Jeffrey J. Schwartz filed a terminal disclaimer to overcome a double patenting rejection that held that the claims of the '023 application have the same scope as the claims of the '783 patent.

81. The '023 application issued as US Patent No. 11359328.

82. The '855 Patent claims priority to all of the '691 application, '998 application, 'and '023 application.

83. During the prosecution of the '855 Patent, Jeffrey J. Schwartz filed a terminal disclaimer to overcome a double patenting rejection that held that the claims of the '855 patent application have the same scope as the claims of the '328 patent and the '783 patent.

84. In view of the terminal disclaimers and prosecution histories of each of the patents in the patent family at issue, it should have been clear and obvious to Defendant that none of the claims of any of the patents in the patent family—and particularly the claims of the '855 Patent—

could possibly cover a product like Plaintiff's Product, with two smooth, flat surfaces that are freely slidable across each other.

85. Defendants attempt to expand the scope of its claims of the '855 Patent to capture such flat surfaces render the claims of the patent invalid in view of at least one or more of Pichotta (US 2005/0052018) Aubert (2010/0066082), Irey (US 6584702), and Anderson (US 5121948).

86. Both claims 1 and 10 contain the element of an: "annular inner peripheral edge forming an annular inner perimeter" but this element is not fully enabled by the patent specification, and the specification fails to distinctly identify any corresponding structure.

87. At a minimum, because the element referenced in the preceding paragraph is not adequately described in the specification, the patent fails to meet the written description and enablement requirements of 35 U.S.C. §112(a), rendering the '855 Patent invalid under that provision for indefiniteness.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of judgment against Defendant:

1) Finding that every claim of U.S. Patent No. 11,634,855 is not infringed by Plaintiff's Product.

2) Finding that every claim of U.S. Patent No. 11,634,855 is invalid.

3) Finding that this case is exceptional under 35 U.S.C. § 285.

4) Awarding Plaintiff its cost and reasonable attorneys' fees.

5) Awarding Plaintiff pre- and post-judgement interest on all monetary awards.

6) Enjoining Defendant and any and all other parties working in conjunction with Defendant and/or that have knowledge of the injunction from asserting infringement of U.S. Patent

No. 11,634,855 or otherwise using U.S. Patent No. 11,634,855 to interfere with Plaintiff's businesses with respect to Plaintiff's Product.

7) Awarding Plaintiff any and all other relief that this Court deems just and proper.

Dated: May 22, 2025  By: /s/*Matthew De Preter*
Matthew De Preter (*pro hac vice pending*)
IL Bar No. 6291503
Karolina Jozwiak (*pro hac vice pending*)
IL Bar No. 6349510
ARONBERG GOLDGEHN
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
cdepreter@agdglaw.com

/s/ Michael J. Allen
N.C. State Bar No. 18030
*Craig T. Almond*
N.C. State Bar No. 61718
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street
PO Box 540
Greensboro, NC 27401
(336) 379-8651
mja@crlaw.com
cta@crlaw.com
*Local Counsel for Plaintiff*

*Attorneys for Plaintiff*